BRUCE W EBERT, PH.D., J.D., LL.M (CSBN 151576)
HUBBARD & EBERT, LLP
300 Harding Blvd Ste 116
Roseville, CA 95678
Telephone 916-781-7875
Facsimile 916-781-2632

Attorney for PLAINTIFF
John P. Flaherty

# UNITED STATES DISTICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. FLAHERTY, | Civil Action No. 2:11-cv-00160-GEB-DAD |
| Plaintiff, | |
| vs. | COUNSEL'S RESPONSE TO ORDER |
| LINCOLN CITY POLICE DEPT, et al., | TO SHOW CAUSE ON WHY SANCTIONS SHOULD NOT BE IMPOSED |
| Defendant | |

## COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE

Bruce W. EBERT, Attorney for Plaintiff John P. Flaherty, who filed the within captioned lawsuit hereby responds to Honorable Judge Garland E. Burrell's Order issued May 19, 2011, to Show Cause as to why Attorney Ebert and/or Plaintiff should not be sanctioned under Local Rule 110 (Fed. R. Civ. P. 11) for failure to file a timely status report.

The Honorable Judge Burrell also requested a written response whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the Order to Show Cause. Counsel hereby timely responds to the Order to Show Case prior to the Court's given deadline: May 27, 2011 by 4 p.m.

1

1. Counsel concedes that the timely status report was not filed with the Court due to inadvertent technical oversight by new support staff at his law office. Staff did not print out all pages of the Court's response to the filed complaint as the copier ran out of paper. As such, staff did not receive the latter page of the Court's response which apparently addressed the need to submit a timely status report.

2. While counsel accepts fault for his office's procedural error, he nonetheless holds that sanctions should not be imposed as a result of the inadvertent mistake. It seems only equitable that sanctions be reserved for substantive and/or procedural, deliberate and/or consistent errors and/or actions against court rules and orders none of which are present here. For example, there are no issues of litigation misconduct, concealment throughout discovery or the bringing on of frivolous claims, rather; this is an isolated incident of technical error.

3. Here, counsel carried out the procedural and substantive obligations in good faith and inadvertently failed to file a timely status report due to a clerical oversight by office staff.

4. Plaintiff and his counsel are not requesting a hearing on the Order to Show Cause and respectfully request that the Court not impose sanctions.

5. Plaintiff and counsel understand that the Status Conference regarding this claim has been rescheduled to August 15, 2011 at 9:00.

6. Plaintiff and his counsel understand that any defendant not served with process within the 120 day period prescribed may be dismissed as a defendant in this action unless Plaintiff provides proof of service and/or shows good cause for failure to serve within this prescribed period. Moreover, counsel asserts good cause for not serving defendants within the prescribed period.

COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE
ON WHY SANCTIONS SHOULD NOT BE IMPOSED

### Resolution of Pending State Claim May Make Federal Claim Moot

7. There is a related state action pending in Placer County Superior Court (Case No. SCV 28829 Dept 43) which involves substantially the same parties, similar claims and questions of fact and law. Resolution of the pending state case may provide Plaintiff sufficient relief so that a positive result in state court more than likely will lead Plaintiff to drop the instant Federal claim. Trial Assignment is scheduled for the state claim on June 10, 2011, and counsel for Plaintiff anticipates that trial will take less than one day. Resolution of the state claim is quickly approaching.

8. Plaintiff's counsel timely filed the instant Federal claim in part to preserve the Federal statute of limitation. Counsel used good faith and sound judgment in not serving all defendants in the Federal claim in that, by not serving them, he created a substantial savings of judicial effort and resources, eliminating the duplication of labor and costs to parties, courts and witnesses. If the state claim provides Plaintiff sufficient relief, Plaintiff may not pursue the instant Federal claim.

9. The effort of serving all parties in the Federal claim would have potentially meant unnecessary duplication of efforts of briefing and arguing motions, initiating and conducting discovery, employing experts, arranging for support services and coordinating the massive task of evidence and document retention. All Federal efforts resulting from service of process would prove unreasonable and perhaps moot should Plaintiff conclude in a few weeks that resolution of the state claim provides sufficient remedy.

**WHEREFORE, the PLAINTIFF** respectfully requests that neither sanctions be imposed for the inadvertent clerical error nor Defendants be required service of process before the resolution of the state claim.

Date: 5/26/11   

BRUCE W EBERT, PH.D., J.D., LL.M (CSBN 151576)
Attorney for Plaintiff: John P. Flaherty

4

COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE
ON WHY SANCTIONS SHOULD NOT BE IMPOSED